Tavy A. Dumont, SBN 244946
LAW OFFICE OF TAVY A. DUMONT
101 Cooper Street # 223
Santa Cruz, California 95060-4526
Telephone: (831) 288-0714
E-mail: tavy.dumont@dumontlaw.com

Jonathan Weiss, SBN 143895
LAW OFFICE OF JONATHAN WEISS
10576 Troon Avenue
Los Angeles, California 90064-4436
Telephone: (310) 558-0404
E-mail: jw@lojw.com

Attorneys for Plaintiff and the proposed Classes

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| LORI ANN GONZALEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMENITY BANK,<br>DOES 1-30,<br><br>Defendants. | CASE NO.: 1:19-cv-00348-AWI-EPG<br><br>**STIPULATION AND JOINT REQUEST FOR DISMISSAL**<br><br>[L.R. 160(b)]<br><br>[Declaration of Tavy A. Dumont filed herewith; Proposed Order lodged herewith]<br><br>**HON. ANTHONY W. ISHII** |

LAW OFFICE OF
TAVY A. DUMONT
101 Cooper Street # 223
Santa Cruz, California 95060-4526

## STIPULATION FOR DISMISSAL

IT IS HEREBY STIPULATED by and between Plaintiff Lori Ann Gonzalez and Defendant Comenity Bank (the "Parties"), through their designated counsel, as follows:

1. On November 14, 2019, the Parties jointly requested referral to the Court's Voluntary Dispute Resolution Program.

2. The Parties engaged in settlement negotiations while the selection of the neutral in the Voluntary Dispute Resolution Program was pending and, on December 18, 2019, prior to the selection of a neutral, executed a confidential Settlement Agreement and Release ("Settlement Agreement").

3. The Parties jointly request that Plaintiff's claims be dismissed with prejudice.

4. The Parties jointly request that the claims of the putative class members be dismissed without prejudice.

5. No consideration is being provided for dismissal of the class claims.

6. The Parties jointly request that the Court retain jurisdiction to enforce the terms of this Stipulation, and of the Settlement Agreement, which is incorporated into this Stipulation by reference.

7. The Parties will each bear their own costs.

8. The Court may rule on the Joint Request for Dismissal without a hearing.

IT IS SO STIPULATED.

Dated: December 31, 2019        LAW OFFICE OF TAVY A. DUMONT
                                LAW OFFICE OF JONATHAN WEISS

                          By:   /s/ Tavy A. Dumont
                                Tavy A. Dumont
                                Attorneys for Plaintiff and the proposed
                                Classes

Dated: December 31, 2019        SIMMONDS & NARITA LLP
                                44 Montgomery Street, Suite 3010

|   |   |
|---|---|
|   | San Francisco, CA 94104-4816<br>Telephone: (415) 283-1000<br>Facsimile: (415) 352-2625 |
| By: | /s/ Tomio B. Narita<br>Tomio B. Narita (as authorized December 28, 2019)<br>Attorneys for Defendant Comenity Bank |

## JOINT REQUEST FOR DISMISSAL

1. **Introduction and Statement of Facts**

On January 25, 2019, Plaintiff filed this action, styled as a class action, in the Superior Court for the County of Fresno. On March 14, 2019, Defendant removed the action to the United States District Court, Eastern District of California. ECF No. 1. On March 21, 2019, Defendant filed an Answer. ECF No. 6.

On April 8, 2019, Plaintiff moved to remand the action (ECF No. 11); the Court denied the motion on October 21, 2019. ECF No. 40.

On May 16, 2019, Defendant filed a motion to compel arbitration (ECF No. 22); on October 30, 2019, the Court denied the motion without prejudice, finding that a summary determination was necessary on the issue of contract formation. ECF No. 41.

On November 14, 2019, the Parties jointly requested referral to the Court's Voluntary Dispute Resolution Program. ECF No. 45. While the selection of a neutral in the Voluntary Dispute Resolution Program was pending, the Parties engaged in settlement negotiations and, on December 18, 2019, prior to the selection of a neutral, executed a confidential Settlement Agreement and Release ("Settlement Agreement"). Declaration of Tavy A. Dumont ("Dumont Decl."), filed herewith, ¶ 2. Plaintiff's counsel filed a Notice of Settlement the following day, December 19, 2019. ECF No. 48.

1  The Parties now jointly request that the Court dismiss Plaintiff's individual claims with prejudice, dismiss the claims of the putative class without prejudice, and retain jurisdiction to enforce the terms of the parties Stipulation contained herein and of the Settlement Agreement incorporated by reference.

2.  **The Court Should Grant the Joint Request**

Where parties seek to voluntarily dismiss class claims, the court must inquire into possible prejudice from the following circumstances:  (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.  *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989); *Choo v. Wellnx Life Scis., Inc.*, No. 2:17-cv-02517-KJM-DMC, 2019 U.S. Dist. LEXIS 181959, at *2-3 (E.D. Cal. Oct. 18, 2019).

The Court should grant the Parties' request for dismissal with no notice to the putative class because, as explained below, there will be no prejudice to the putative class under any of the *Diaz* factors.

With respect to reliance by putative class members on the filing of this action, Plaintiff's counsel have not caused any publicity regarding this action, and are unaware of any publicity from any other source.  Dumont Decl., ¶ 3.  No class has been certified, no motion to certify a class has been filed, no class notice has been disseminated, and Plaintiff's counsel have not given any potential class members notice of the suit by any other avenue.  *Id*., ¶ 4.  No potential class members have contacted Plaintiff's counsel, and Plaintiff's counsel is unaware of any potential class members who have foregone opportunities to participate in other actions.  *Id*., ¶ 5.

With respect to the statute of limitations, under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), statutes of limitations were tolled as to the class when the complaint was filed. Thus, "'the putative class members will be in the same position upon dismissal of the class claims as when the suit was initially filed.' [Citation]." *Lewis v. Vision Value, LLC,* No. 1:11-cv-01055-LJO-BAM, 2012 U.S. Dist. LEXIS 99854, at *10-11 (E.D. Cal. July 18, 2012) (holding notice to the putative class not required). This factor interacts with the first factor, reliance: although the statute of limitations was tolled upon the filing of this class action, potential class members might nevertheless be prejudiced if they relied on this action. *Choo v. Wellnx Life Scis*, *supra,* 2019 U.S. Dist. LEXIS 181959, at *3. But where the case "is not a widely publicized case, and potential class members are unlikely to have relied on this action to vindicate their interests … dismissal of the case is not likely to prejudice potential class members." *Id*. at *3-4.

Here, as set forth above, the case has not been widely publicized; Plaintiff's counsel have not had any contact with any potential class members, and the court never certified the class nor required the parties to provide notice to the class. Dumont Decl., ¶¶ 3-5. Therefore, potential class members are unlikely to have relied on this action, and dismissal of the class claims will not prejudice class members.

With respect to the third *Diaz* factor, concession of class interests, the class's claims have not been settled; rather, the dismissal of the class claims is to be without prejudice. Dumont Dec., ¶ 6. Thus, putative class members' ability to pursue claims against Defendant will be unaffected by the dismissal. While the Settlement Agreement provides for its terms to remain confidential, no consideration is being provided for dismissal of the class claims.[1] *Id*., ¶ 7; Stipulation for Dismissal, *supra*, ¶ 5.

---

[1] The Settlement Agreement will be provided to the Court if the Court so directs.

STIPULATION AND JOINT REQUEST FOR DISMISSAL   5
CASE NO. 1:19-cv-00348-AWI-EPG

3. **<u>Conclusion</u>**

Because the putative class will not be prejudiced by the proposed dismissal, the Court should grant the joint request.

Respectfully submitted,

Dated: December 31, 2019          LAW OFFICE OF TAVY A. DUMONT
                                  LAW OFFICE OF JONATHAN WEISS

                            By:   <u>/s/ Tavy A. Dumont</u>
                                  Tavy A. Dumont
                                  Attorneys for Plaintiff and the proposed Classes

Dated: December 31, 2019          SIMMONDS & NARITA LLP
                                  44 Montgomery Street, Suite 3010
                                  San Francisco, CA 94104-4816
                                  Telephone: (415) 283-1000
                                  Facsimile: (415) 352-2625

                            By:   <u>/s/ Tomio B. Narita</u>
                                  Tomio B. Narita (as authorized December 28, 2019)
                                  Attorneys for Defendant Comenity Bank